UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSE ISMAEL DURAN,                :
                                  :
        Petitioner                : No. 4:CV-05-2464
                                  :
    vs.                           : (Petition Filed 11/28/05)
                                  :
KAREN HOGSTEN, WARDEN,            : (Judge Muir)
                                  :
        Respondent                :

**ORDER**

June 2, 2006

Jose Ismael Duran, an inmate confined in the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, ("LSCI-Allenwood"), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Duran challenges the Bureau of Prisons' ("BOP") calculation of his federal sentence. He asserts that the BOP has wrongfully commenced his current sentence, and that the date his instant sentence began to run is a date before the date the sentence was imposed.

Because the BOP has computed the petitioner's sentence in accordance with policy and governing law, the petition will be denied.

Background.

On October 21, 2003, Duran pled guilty and was sentenced, in two separate cases, in the United States District Court for the Southern District of New York. In Criminal Case No. 83-CR-620, Duran pled guilty to four counts of narcotic charges for offenses which concluded in May and September, 1983. (Doc. No. 6, Ex. 2, p. 3, Judgment). Duran was "sentenced to custody of 18 months, which shall run consecutively to the 6 month term of imprisonment imposed in 03 CR. 913, followed by a 3 year term of special parole, which shall run concurrently with the 3 year term of supervised release imposed in 03 CR. 913." Id. This sentence was completed on August 17, 2004. (Doc. No. 1, Ex. A).

In Criminal Case No. 03-CR-913, Duran pled guilty to a charge of failure to appear. (Doc. No. 6, Ex. 2, p. 5,6 Judgment). He was sentenced to "six months, to run consecutively to the term of prison in 83 CR. 620 (SHS)." Id. This sentence commenced on August 17, 2004.

On September 8, 2004, in Criminal Case No. 04-0200, Duran pled guilty in the United States District Court for the District of New Jersey, to one count of conspiracy to distribute heroin. (Doc. 6, Ex. 2, p. 7, Judgment). This offense conduct occurred in March and April, 2003. Id. Duran was sentenced to

"imprison[ment] for a term of 40 Months, to run concurrent to but not limited to the sentence imposed in the SDNY (CR. 83-620 and 03-913)." Id.

The BOP computed these sentences as follows. Duran's 18-month term imposed in Criminal Case No. 83-CR-620, commenced on October 21, 2003, the date on which Duran was sentenced. He received 138 days prior custody credit and the sentence was completed on August 17, 2004. Because this sentence was imposed for conduct which occurred prior to November 1, 1987, the date on which the Sentencing Reform Act was enacted, the sentence had to be computed independently of the other sentences because it was classified as an "Old Law" sentence, and "Old Law" and "New Law" sentences cannot be aggregated. (Doc. 6, Ex. 1, Declaration of Karen Gemberling, Assistant Inmate Systems Manager at LSCI-Allenwood at ¶ 7 and Ex. 2, Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984) July 19, 1999), pp. 1-3, 1-20).

Duran's six month consecutive sentence imposed in Criminal Case No. 03-CR-913 commenced on August 17, 2004, the day the 18-month sentence was completed. The 40-month concurrent sentence imposed in Criminal Case No. 04-0200 was aggregated with the

six-month term for computation because both were "New Law" sentences and aggregation was possible. (Doc. No. 6, Ex. 1 at ¶ 8 and Ex. 2, Program Statement 5880.3, <u>Sentence Computation Manual ("Old Law-Pre-CCCA-1984)</u>(July 16, 1993), Ch. VII, pp. 29-30).

Pursuant to 18 U.S.C. § 3885(a)[1], Duran's 40-month sentence commenced on September 8, 2004, the day it was imposed. Duran's total sentence was then aggregated pursuant to P.S. 5880.30, which sets forth the formula for aggregating concurrent sentences when an overlap is involved. Pursuant to P.S. 5880.30:

> The total length of the aggregate will be determined by adding the length of the first sentence. . . to the overlap of the concurrent sentence. . . .The overlap is determined by finding the difference (exact number of days), between the [expiration full term dates of both sentences.] The overlap is then added to the length of the first sentence. . . for a total sentence for the aggregate.

<u>Id</u>. As a result, Duran's term was of incarceration was computed by adding his 40-month term, or three years, fourth months, with

---

[1]Section 3585(a) reads as follows:
A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

the 22 day overlap between the commencement of the two remaining sentences, specifically, the days between August 17 2004, the commencement of his 6-month sentence and September 8 2004, the date his 40-month term commenced. (Doc. No. 6, Ex. 1 at ¶ 9). Duran's projected release date was then calculated by taking the commencement date of his first sentence, August 17, 2004, and adding the aggregate term of three years, four months and 22 days, for a full term date of January 7, 2008. Id. at ¶ 11. From this full term date, prior custody credit (0 days) pursuant to 18 U.S.C. § 3585(b), and projected good conduct time earned (159 days) are subtracted. This resulted in Duran's projected release date of August 1, 2007. Id.

On November 28, 2005, Duran filed the instant petition for writ of habeas corpus. He argues that pursuant to Ruggiano vs. Reish, 307 F.3d 121, 126 (3d Cir. 2002), he is entitled to have his current 40-month New Jersey sentence run fully or retroactively concurrent with the date his New York federal sentences commenced, specifically, October 21, 2003. (Doc. No. 1, petition).

**Discussion**

In Ruggiano vs. Reish, 307 F.3d 121 (3d Cir.2002), the United States Court of Appeals for the Third Circuit held that in imposing sentence, a district court may grant an adjustment for time served on a pre-existing sentence pursuant to United States Sentencing Guidelines § 5G1.3(c). However, even though the sentencing judge has this authority under § 5G1.3(c), it still must be determined whether the sentencing judge in this case in fact exercised this option to grant an adjustment under § 5G1.3(c) by making the federal sentence concurrent with the state or federal sentence for the full period of the pre-existing sentence (retroactively concurrent) or only concurrent for the remainder of the pre-existing sentence beginning with the date of imposition of the federal sentence. Under Ruggiano, either of these results is permitted.

In Ruggiano, the sentencing judge stated at sentencing "that he thought it appropriate 'to go ahead and recommend that [Ruggiano's state sentence] be served concurrently and that he receive credit for the amount of time that he served there.' " Ruggiano at 124. "Then, in his written judgment, he [ the sentencing judge] recited that Ruggiano's sentence was to 'run

concurrent with State sentence. Defendant to receive credit for time served." ' Id. The Court in Ruggiano found that this language conveyed an intent of the sentencing judge to grant an adjustment by making the federal sentence retroactively concurrent for the entire period of the state sentence pursuant to § 5G1.3(c).

In the case sub judice, the New Jersey District Court sentencing judge issued an order subsequent to the date of imposition of Duran's New York federal sentences, which included the following language: to run concurrent but not limited to the sentence imposed in the SDNY (CR. 83-620 and 03-913).

The issue presented to this Court is whether the New Jersey sentencing judge evidenced an intent to make Duran's New Jersey federal sentence retroactively concurrent with Duran's first federal sentences by use of the language "to run concurrent but not limited to the sentence imposed in the SDNY (CR. 83-620 and 03-913)." This Court finds that such language does not convey an intent of the sentencing court that the federal sentence was to be retroactively concurrent, but rather conveys an intent that the federal sentences were to run concurrently from the

-7-

date that the New Jersey federal sentence commenced, namely the date of the federal sentencing.

In comparing the language of the sentencing judge in Ruggiano with the language of the sentencing judge in the case before this Court, this case is clearly distinguishable from Ruggiano. The sentencing judge in this case merely said that the federal sentence "shall run concurrent but not limited to" Duran's other federal sentences. The statement "shall run concurrent", with no reference to past credit, clearly conveys an intent that the concurrent status of the federal sentence was to begin on the date that such federal sentence commenced. In Ruggiano, the sentencing judge stated that the federal and state sentences were to run concurrently and then added the language "Defendant to receive credit for time served" and "he shall receive credit for the amount of time he served there [referring to state sentence]." This additional language conveys an intent to grant an adjustment under § 5G1.3(c) by making the sentence retroactively concurrent to cover the entire period of the state sentence, in that this language which was utilized in addition to the term "concurrent" was unnecessary and superfluous other than to convey such an intent. However, in contrast, in the case

before this Court, it is determined that the sentencing judge exercised his discretion under 18 U.S.C. § 3584(a) to impose a concurrent sentence but did not evidence any intent to adjust Duran's sentence pursuant to U.S.S.G. § 5G1.3(c) by making the concurrent sentence retroactive.

The Court concludes that use of the term "concurrent" by the sentencing judge in this case means concurrent commencing on the date the federal sentence is imposed and does not mean retroactively concurrent to the first date in custody on another federal sentence. Generally, use of "concurrent" has that meaning, provided there is no additional language which conveys a contrary intent. If a sentencing judge intends to grant an adjustment by imposing a retroactive concurrent sentence, then he or she will add additional language such as was done in Ruggiano. Therefore, the Court determines that the sentencing judge in the instant case intended that Duran's New Jersey federal sentence run concurrently with Duran's other federal sentences beginning on the effective date of the federal sentence, namely September 8, 2004, which was the date on which the New Jersey sentence was imposed. The court finds no evidence that the sentencing judge intended to grant any adjustment for

time served under petitioner's prior federal sentences. The Court concurs with the computation of credit by the Bureau of Prisons. Thus, the petition for writ of habeas corpus will be denied.

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus, (Doc. No. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

s/Malcolm Muir
MUIR
United States District Judge